**FILED**
**February 7, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **M.P.**

**No. 23-14** (Putnam County CC-40-2021-JA-74)

## MEMORANDUM DECISION

Petitioner Father T.P.[1] appeals the Circuit Court of Putnam County's December 5, 2022, order terminating his parental rights to M.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August 2021, the DHS filed a petition alleging that the mother abused drugs while pregnant with M.P., who was born drug-exposed shortly prior to the petition's filing. At the time, petitioner was alleged to be a putative father. However, after petitioner's paternity was confirmed, the DHS amended the petition in October 2021 to include allegations against petitioner. The amended petition alleged that petitioner subjected the mother to domestic violence while pregnant with the child and was incarcerated when the child was born. The petition detailed petitioner's history of extreme conduct, including an incident in which he threw the mother from a moving vehicle. Further, petitioner was alleged to have threatened to kill the child's maternal grandmother and the mother's other children[3] if the grandmother was awarded custody of M.P. Based on this conduct, the DHS alleged that petitioner abused and/or neglected the child.

---

[1] Petitioner appears by counsel Alan L. Pritt. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Catherine Bond Wallace appears as the child's guardian ad litem. Mother C.L. appears by counsel Brenden D. Long.

Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The mother's rights to other children were terminated in prior proceedings.

1

In November 2021, the guardian filed a report in which she stated that petitioner was "adamant that he is not an abusive or neglectful parent" and opposed the granting of an improvement period "without recognition of his serious anger and abuse issues." That same month, the court adjudicated petitioner as an abusing parent based on his perpetration of domestic violence and failure to provide for the child's needs. Thereafter, the court granted petitioner a post-adjudicatory improvement period. Petitioner was required to successfully complete a long-term residential drug treatment program, submit to a parental fitness evaluation and follow all recommendations, comply with services, and submit to random drug screens.

From the limited record submitted on appeal, it appears that petitioner was initially successful with substance abuse treatment and temporarily maintained sobriety. However, he then "relapsed significantly" in August 2022 and began harassing the mother, having "showed up at [the mother's] place of employment under the influence posing as someone else and causing a disruption." Based on petitioner's "erratic and sometimes violent nature," the guardian recommended termination of his parental rights. After holding many status hearings over a period of several months, the court held a review hearing in September 2022, for which petitioner did not appear, though he was represented by counsel. During the hearing, petitioner's attorney informed the court that petitioner had entered a new substance abuse treatment program. Upon motion from the DHS, the guardian, and the mother, the court found that petitioner had failed to successfully complete his improvement period and terminated the same.

The court then held a final dispositional hearing in November 2022. According to the record, around the same time as the dispositional hearing, a different court entered a "year-long domestic violence order . . . to keep [petitioner] from his child due to a violent act that threatened her safety." During the hearing, petitioner moved the court to terminate only his custodial rights. However, the court concluded that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that the child's welfare required termination of his rights, especially considering the imposition of the protective order issued "as a result of [petitioner's] behaviors since the last hearing." The court further noted petitioner's failure to participate in services as a basis for these findings. Accordingly, the court terminated petitioner's parental rights to the child.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in terminating his rights without affording him more time under his improvement period. Petitioner argues that although he relapsed, he re-entered substance abuse treatment in September 2022 and could have remedied the conditions of abuse and neglect. We find, however, that the court did not err in terminating petitioner's parental rights because the evidence showed that petitioner could not remedy the conditions of abuse and neglect in the near future.

---

[4]The mother successfully completed her improvement period and regained custody of the child.

2

While it is true that petitioner showed some progress during the proceedings, the record nonetheless establishes that these improvements were not lasting, as petitioner relapsed into substance abuse and engaged in additional troubling conduct that threatened the child's safety and resulted in a domestic violence protective order barring him from contact with the child for one year. The court found that petitioner's continued abusive conduct was the result of his failure to follow through with the family case plan designed to correct these conditions. This is a situation in which there is no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future. *See* W. Va. Code § 49-4-604(d)(3) (setting forth that failure to follow through with a reasonable family case plan is a situation in which there is no reasonable likelihood conditions of abuse and neglect can be substantially corrected). Further, petitioner argues that the court should have terminated only his custodial rights so that he could, at some point in the future, move to regain custody of the child. This argument, however, completely ignores the court's findings that the child's welfare required termination of petitioner's parental rights in order to achieve permanency, the very thing petitioner sought to undermine with his request. Because the court had ample evidence upon which to base the findings in support of termination of petitioner's parental rights, we find no error in the court's decision not to impose a less restrictive dispositional alternative. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 5, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn